E-SERVED
07/13/04
02:27 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: Baycol**
**Products Liability Litigation** **MDL No. 1431**

**THIS DOCUMENT RELATES TO THE FOLLOWING CASE:**
***Gladys Bass, et al v. Bayer Corporation, et al regarding Defendant, Bharat Sangani, M.D., Civil Action No. 3:03CV142BN***

**MOTION FOR SUMMARY JUDGMENT OR TO DISMISS OF BHARAT SANGANI, M.D.**

COMES NOW, the Defendant, Bharat Sangani, M.D., by and through counsel of record, and files this his Motion to Dismiss the Plaintiffs' Original Complaint filed against him, and in support would show the following:

I.

This action was commenced with the filing of the Plaintiffs' Original Complaint on December 31, 2002, in the Circuit Court of Holmes County. A copy of the Original Complaint is attached herein as Exhibit "A." The Original Complaint alleges that only Plaintiff Nora Migues is asserting a claim against Defendant Bharat Sangani, M.D. This action was then removed to U.S. District Court on January 29, 2003.

II.

On April 18, 2003, summons was issued for Dr. Sangani, and a copy of the Summons is attached herein as Exhibit "B." On May 5, 2003, one hundred twenty-six (126) days after the filing of the complaint, Defendant Bharat Sangani, M.D., accepted the Plaintiffs' attempted service by mail. See, Proof of Service, attached herein as Exhibit "C."

III.

As this Court held in its Order Denying Plaintiffs' Motion to Remand of April 19, 2004, "a medical negligence claim based on failure to warn has no reasonable basis in fact where the main thrust of the complaint is that the Bayer and GSK Defendants misrepresented Baycol's

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

risks and failed to adequately warn the treating physicians of such risks or willfully deceived physicians as to Baycol's risks." Therefore, since "a defendant cannot be held liable for failing to warn of unknown risks," Plaintiff's Complaint fails to state a claim against Dr. Sangani on which relief may be granted, and Dr. Sangani should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

IV.

Furthermore, Plaintiff Nora Migues has suffered no injury as a result of her ingestion of Baycol. Dr. Sangani's medical records from Plaintiff Migues' December 9, 2002 visit (approximately three weeks prior to her filing suit against him), when compared with her record from her visit of February 14, 2001 (before she was prescribed Baycol), indicates that she suffers from no additional or different physical ailments or diseases than she did prior to her ingestion of Baycol. See, Migues Records of December 9, 2002, and February 14, 2001, attached herein as Exhibit "D." Even assuming *arguendo* that Ms. Migues does suffer from ailments not documented in Exhibit "D," Ms. Migues' records indicate that she only ingested Baycol for a short period of time, making any alleged link between her health issues and Baycol dubious at best. Therefore, Nora Migues' claim against Dr. Sangani should be dismissed pursuant to either Federal Rule of Civil Procedure 12(b)(6) or 56.

V.

In the alternative only, under Federal Rule of Civil Procedure 4(m), a plaintiff has one hundred twenty (120) days in which to serve a defendant with summons and complaint. As noted above, Dr. Sangani was served beyond the time limit for proper service, and therefore should be dismissed pursuant to Rule 4.

VI.

This action was originally brought in an improper venue based on fraudulent joinder of both plaintiffs and defendants. Therefore, if Dr. Sangani is not dismissed herewith and in order

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

to preserve his venue argument, this Defendant asserts that when this matter is remanded to the Mississippi District Court for trial, the alleged cause of action against this Defendant should be transferred to the appropriate venue. Without the improper joinder of parties, venue in Mississippi state court would have been proper in the Circuit Court of Harrison County; therefore, upon completion of pretrial matters, the alleged cause of action against Dr. Sangani should be severed from the other plaintiff's claims and sent to the U.S. District Court for the Southern District of Mississippi, Southern Division for trial.

WHEREFORE, PREMISES CONSIDERED, Defendant Bharat Sangani, M.D., respectfully requests this Court to grant his Motion for Summary Judgment, to dismiss with prejudice this action against him pursuant to Rule 56, to award him costs of defending this frivolous action, and for such other relief this Court deems appropriate. Alternatively, Defendant Bharat Sangani, M.D., respectfully requests this Court to issue an Order dismissing him from this action under either Rule 12(b)(6) or Rule 4.

RESPECTFULLY SUBMITTED, THIS the 13th day of July, 2004.

BHARAT SANGANI, M.D.

BY: ______________________
STEPHEN P. WILSON

J. ROBERT RAMSAY (MSB #4617)
STEPHEN P. WILSON (MSB #101219)
Ramsay & Hammond, P.L.L.C.
106 Madison Plaza
Post Office Box 16567
Hattiesburg, MS 39404-6567
(601) 264-4499
(601) 264-5588 (fax)

E-SERVED
07/13/04
02:27 PM ET
Baycol MDL 1431

**CERTIFICATE OF SERVICE**

I, STEPHEN P. WILSON, do hereby certify that I have this day filed via electronic transfer a true and correct copy of the above and foregoing through the Verilaw Technologies System (per Pretrial Order No. 18.), to:

Lance L. Stevens, Esq.
Stevens & Ward
1855 Lakeland Dr., Ste. P-121
Jackson, MS 39216

Richard A. Freese, Esq.
Langston, Sweet & Freese
2900 Hwy. 280, Ste. 240
Birmingham, AL 35223

William F. Goodman, III, Esq.
Watkins & Eager
Post Office Box 650
Jackson, MS 39205

David W. Waddell, Esq.
Seyfarth Shaw
700 Louisiana St., Ste. 3850
Houston, TX 77002-2731

Stuart B. Harmon, Esq.
Page Kruger & Holland
10 Canebrake Blvd., Ste 200
Jackson, MS 39232-2212

Christy D. Jones, Esq.
Butler, Snow, O'Mara, Stevens & Cannada
Post Office Box 22567
Jackson, MS 39225-2567

THIS, the 13th day of July, 2004.

STEPHEN P. WILSON

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

GLADYS BASS; CLIFTON BEASLEY; ANN BOZEMAN; BRAD BRADSHAW; EMMA BROWN; RUTHIE CANNON; REALMA COLE; SUE DAVIS; EARLENE DEAN; ROBERT GRAFFREE; JOHN HARDY; WENDY HOPKINS; NANCY JONES, DECEASE, BY HER NEXT FRIEND, NANCY THOMAS; ALICE RAY JORDAN; LINDA KEENUM; ROSIE MAE KELLY; LUCY MARTIN; WARREN MIGUES; NORA MIGUES; FANNIE LOUISE NASH; WILMA PAGE; JO D. RAULSTON; WILLIAM VANCE; HILDA WILKS AND GLENN YOUNG

PLAINTIFFS

V. CIVIL ACTION NO.: 2002-597

BAYER CORPORATION; BAYER PHARMACEUTICAL DIVISION; SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE f/k/a GLAXO WELLCOME, INC.; SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.; ALLEN THOMPSON, M.D.; ROBERT HEATH, M.D.;HAZMA BRIMAH, M.D.; JAMES CROSSWAITH, M.D.; DEBBIE HEADLEY, M.D.; RICHARD MAZUR, M.D.; BHARAT SANGANI, M.D.; CHARLES HERNANDEZ, M.D.; JON DELEON; RICHARD CENTANNI; AND JOHN DOES #1-50:

DEFENDANTS

---

PLAINTIFFS' ORIGINAL COMPLAINT
JURY TRIAL DEMANDED

---

**COME NOW** the plaintiffs, by and through undersigned counsel, and for their complaint against the defendants, separately and severally, including John Does #1-50, allege as follows:

EXHIBIT A

FILED
This the 31st day of Dec. 2002
A.M. or P.M.
EARLINE WRIGHT-HART, Circuit Clerk

E-SERVED
07/13/04
02:27 PM ET
Baycol MDL 1431

I.

**PARTIES**

1. At all times material hereto, Plaintiff Realma Cole was and is a resident and citizen of Holmes County, Mississippi, and consumed the product, Baycol, in said County.

2. At all times material hereto, Plaintiff Gladys Bass was and is a resident and citizen of Lawrence County, Mississippi.

3. At all times material hereto, Plaintiff Clifton Beasley was and is a resident and citizen of Amite County, Mississippi.

4. At all times material hereto, Plaintiff Ann Bozeman was and is a resident and citizen of Jones County, Mississippi.

5. At all times material hereto, Plaintiff Brad Bradshaw was and is a resident and citizen of Rankin County, Mississippi.

6. At all times material hereto, Plaintiff Emma Brown was and is a resident and citizen of Washington County, Mississippi.

7. At all times material hereto, Plaintiff Ruthie Cannon was and is a resident and citizen of Hinds County, Mississippi.

8. At all times material hereto, Plaintiff Sue Davis was and is a resident and citizen of Marion County, Mississippi.

9. At all times material hereto, Plaintiff Earlene Dean was and is a resident and citizen of Sunflower County, Mississippi.

10. At all times material hereto, Plaintiff Robert Graffree was and is a resident and citizen of Leake County, Mississippi.

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

11. At all times material hereto, Plaintiff John Hardy was and is a resident and citizen of Panola County, Mississippi.

12. At all times material hereto, Plaintiff Wendy Hopkins was and is a resident and citizen of Hinds County, Mississippi.

13. At all times material hereto, Plaintiff Nancy Jones, deceased, by Nancy Thomas was and is a resident and citizen of Yazoo County, Mississippi.

14. At all times material hereto, Plaintiff Alice Ray Jordan was and is a resident and citizen of Simpson County, Mississippi.

15. At all times material hereto, Plaintiff Linda Keenum was and is a resident and citizen of Jackson County, Mississippi.

16. At all times material hereto, Plaintiff Rosie Mae Kelly was and is a resident and citizen of Madison County, Mississippi.

17. At all times material hereto, Plaintiff Lucy Martin was and is a resident and citizen of Lowndes County, Mississippi.

18. At all times material hereto, Plaintiff Warren Migues was and is a resident and citizen of Harrison County, Mississippi.

19. At all times material hereto, Plaintiff Nora Migues was and is a resident and citizen of Harrison County, Mississippi.

20. At all times material hereto, Plaintiff Fannie Louise Nash was and is a resident and citizen of Madison County, Mississippi.

21. At all times material hereto, Plaintiff Wilma Page was and is a resident and citizen of Forrest County, Mississippi.

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

22. At all times material hereto, Plaintiff Jo D. Raulston was and is a resident and citizen of Rankin County, Mississippi.

23. At all times material hereto, Plaintiff William Vance was and is a resident and citizen of Quitman County, Mississippi.

24. At all times material hereto, Plaintiff Hilda Wilks was and is a resident and citizen of Forrest County, Mississippi.

25. At all times material hereto, Plaintiff Glenn Young was and is a resident and citizen of Jackson County, Mississippi.

26. At all times material hereto, Defendant Bayer Corporation was and is an Indiana corporation with its principal place of business in Pittsburgh, Pennsylvania. In addition, at all times material hereto, Defendant Bayer Corporation has done and continues to do business in the State of Mississippi, including Holmes County, and has marketed, distributed, promoted, warranted, and sold its Baycol product, which is described below, in the State of Mississippi, in interstate commerce, and throughout the United States. Defendant Bayer Corporation may be served with process by serving its registered agent, CT Corporation System, at 631 Lakeland East Drive, Flowood, MS 39208.

27. At all times material hereto, Defendant Bayer Pharmaceutical Division acted as a division of Defendant Bayer Corporation and maintained its principal place of business in West Haven, Connecticut. In addition, at all times material hereto, Defendant Bayer Pharmaceutical Division has done and continues to do business in the State of Mississippi, including Holmes County, and has marketed, distributed, promoted, warranted, and sold its Baycol product, which is described below, in the State of Mississippi, in interstate commerce, and throughout the United

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

States. Defendant Baycol Pharmaceutical Division may be served with process by serving any officer or director at Defendant Bayer Corporation's home address, which is located at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.

28. At all times material hereto, Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline f/k/a Glaxo Wellcome, Inc. (collectively, "GlaxoSmithKline") was and is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. In addition, at all times material hereto, Defendant GlaxoSmithKline has done and continues to do business in the State of Mississippi, including Holmes County, and has marketed, promoted, warranted, distributed, and/or sold Baycol products, which are described below, in the State of Mississippi, in interstate commerce, and throughout the United States. Defendant GlaxoSmithKline may be served with process by serving its registered agent for service of process, Corporation Service Company, at 506 South President Street, Jackson MS 39201.

29. At all times material hereto, Defendant SmithKline Beecham Consumer Healthcare, L.P. ("SmithKline Beecham") acted as a business entity with its principal place of business in Pennsylvania. In addition, at all times material hereto, Defendant SmithKline Beecham did and continues to do business in the State of Mississippi, including Holmes County, and has marketed, promoted, warranted, distributed, and/or sold Baycol products, which are described below, in the State of Mississippi, in interstate commerce, and throughout the United States. Defendant SmithKline Beecham may be served with process by serving its registered agent for service of process, Corporation Service Company, at 506 South President Street, Jackson MS 39201.

30. Defendant Allen Thompson, M.D. is a physician practicing medicine in Mississippi who may be served at his place of business located at the Greenville Clinic in Greenville, MS. At all

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

times relevant hereto, Defendant Thompson, M.D. treated Plaintiff Emma Brown and prescribed Baycol products for her ingestion and consumption.

31. Defendant Robert Heath, M.D. is a physician practicing medicine in Mississippi who may be served at his place of business located in Petal, MS. At all times relevant hereto, Defendant Heath, M.D. treated Plaintiff Sue Davis and prescribed Baycol products for her ingestion and consumption.

32. Defendant Hazma Brimah, M.D. is a physician practicing medicine in Mississippi who may be served at his place of business located in Greenwood, MS. At all times relevant hereto, Defendant Brimah, M.D. treated Plaintiff Earline Dean and prescribed Baycol products for her ingestion and consumption.

33. Defendant James Crosswaith, M.D. is a physician practicing medicine in Mississippi who may be served at his place of business located in Jackson, MS. At all times relevant hereto, Defendant Crosswaith, M.D. treated Plaintiff Alice Ray Jordan and prescribed Baycol products for her ingestion and consumption.

34. Defendant Debbie Headley, M.D. is a physician practicing medicine in Mississippi who may be served at his place of business located in Madison County. At all times relevant hereto, Defendant Healdley, M.D. treated Plaintiff Rosie Mae Kelly and prescribed Baycol products for her ingestion and consumption.

35. Defendant Richard Mazur, M.D. is a physician practicing medicine in Mississippi who may be served at his place of business located in Pass Christian, MS. At all times relevant hereto, Defendant Mazur, M.D. treated Plaintiff Warren Migues and prescribed Baycol products for his ingestion and consumption.

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

36. Defendant Bharat Sangani, M.D. is a physician practicing medicine in Mississippi who may be served at his place of business located in Gulfport, MS. At all times relevant hereto, Defendant Sangani, M.D. treated Plaintiff Nora Migues and prescribed Baycol products for her ingestion and consumption.

37. Defendant Charles Hernandez, M.D. is a physician practicing medicine in Mississippi who may be served at his place of business located in Hattiesburg, MS. At all times relevant hereto, Defendant Hernandez, M.D. treated Plaintiff Hilda Wilks and prescribed Baycol products for her ingestion and consumption.

38. Defendant John DeLeon, who acted as a District Sales Manager for defendant Bayer Corporation at all times relevant hereto, is an adult resident citizen of Mississippi and may be served at 204 Morningside North, Ridgeland, MS 39157.

39. Defendant Richard Centanni, who acted as a District Sales Manager for defendant Bayer Corporation at all times relevant hereto, is an adult resident citizen of Mississippi and may be served at 1201 32nd Avenue, Gulfport, MS 39501.

40. Defendants John Does # 1-50 are corporations, entities, [illegible] and the like whose identities are unknown to plaintiffs, but who manufact[illegible] packaged, marketed, promoted, distributed, sold and/or prescribed Baycol fo[illegible] e named plaintiffs herein. As used herein, the term "defendants" shall refe[illegible] endants specifically named as well as John Does # 1-50.

41. At all times pertinent to these causes of action, defendants acted by and through their agents and/or employees who were acting within the course, scope and authority, apparent or actual, of such agency and/or employment. Where it is alleged that defendants committed any act and/or

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

omission or engaged in any conduct, it is meant that defendants committed such act and/or omission or engaged in such conduct by and though their agents and/or employees, and that at the time of such act, omission or conduct, it occurred with the full authorization or ratification of the respective defendants and/or occurred in the normal and routine course and scope of the agency or employment of such agent or employee of defendants.

II.

**JURISDICTION AND VENUE**

42. The relief plaintiffs seek herein is subject to the jurisdiction of this Court. This Court has jurisdiction over each of the defendants and the subject matter of the claims made in this complaint. The plaintiffs seek no relief under any federal laws and assert no state law claims that are preempted by federal law.

43. Venue is proper in this Court because at least one of the defendants can be found in Holmes County and/or, part of the conduct giving rise to this action occurred in Holmes County.

III.

**FACTUAL BACKGROUND**

44. Baycol, which is also known as Cerivastatin and is sold outside of the United States as Lipobay, is a medication commonly prescribed to patients to allegedly aid in lowering cholesterol and triglycerides. Baycol allegedly lowers cholesterol levels by blocking a specific enzyme in the body that is involved in the synthesis of cholesterol.

45. Baycol is a member of a class of cholesterol-lowering drugs referred to as statins. According to the United States Food and Drug Administration ("FDA"), the use of statins is associated with a medical condition called rhabdomyolysis, which is a condition that results in the

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

muscle cell breakdown and release of the contents of muscle cells into the bloodstream. Symptoms of rhabdomyolysis include muscle pain, weakness, tenderness, malaise, fever, dark urine, nausea, and vomiting. In severe cases, patients develop potentially fatal kidney failure.

46. Although the use of statins is associated with rhabdomyolysis, the number of cases of fatal rhabdomyolysis are significantly higher when the statin used is Baycol.

47. The FDA initially approved Baycol for use in the United States in 1997, with admonitions that the drugs effectiveness compared poorly to existing statin drugs.

48. Following approval of Baycol by the FDA, Defendants promoted, marketed, distributed, sold and/or prescribed Baycol to consumers by making representations regarding the safety of Baycol and misrepresentations or omissions regarding the risks of Baycol. Through their representations, misrepresentations and omissions, Defendants failed to properly advise consumers of the known risks of Baycol. Accordingly, consumers like plaintiffs purchased Baycol without knowledge that ingesting those products exposed them to an extremely high risk of rhabdomyolysis, muscle weakness/deterioration, kidney failure, and other adverse medical conditions. Defendants should not have withheld and suppressed information from consumers, including plaintiffs, and by doing so, Defendants made it impossible for consumers to evaluate the risks associated with Baycol.

49. In addition, in an effort to defraud and injure consumers, including plaintiffs, Defendants GlaxoSmithKline and SmithKline Beecham (collectively, the "SmithKline Beecham Defendants") marketed, promoted, distributed and sold Baycol in conjunction with Defendants Bayer Corporation, Bayer Pharmaceutical Division, Jon DeLeon and Richard Centanni (collectively, the "Bayer Defendants") without disclosing the defective nature of Baycol or the negative health effects associated with its use. More specifically, the Bayer Defendants and SmithKline Beecham

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

Defendants engaged in a course of conduct through marketing, pricing and other inducements in coordination with various health insurers, health maintenance organizations, preferred provider organizations, pharmacies and similar entities, to provide and/or substitute Baycol to consumers in place of other "statin" drugs. This conduct resulted in health insurers, health maintenance organizations, preferred provider organizations, pharmacies and similar entities treating Baycol as a "preferred" drug; consequently, Baycol was substituted for other "statin" drugs even though Baycol was less effective and/or safe than other competitive pharmaceutical products.

50. Ultimately, on August 8, 2001, the FDA announced that Bayer had voluntarily withdrawn Baycol from the United States market in light of thirty-one (31) reported cases of death due to severe rhabdomyolysis caused by the use of Baycol.

51. The full extent of the damages caused by Baycol, however, was not limited to citizens in the United States. In fact, the FDA has received reports of at least nine (9) Baycol-related deaths in foreign countries, and on August 9, 2001, the European Medicines Evaluation Agency (EMEA) reported that four hundred eighty (480) reports of rhabdomyolysis had been received globally from patients taking Baycol. In addition to EMEA, Health Canada has received reports of thirty-two (32) cases of serious injury associated with the use of Baycol, including 10 cases of kidney failure and one death. Moreover, after learning of three (3) deaths caused by Baycol, on July 16, 2001, France's drug control agency, AFSSAPS, issued a warning of problems related to Baycol.

## IV.

## STRICT LIABILITY IN TORT

Plaintiffs adopt by reference the allegations contained and set forth above.

52. Defendants, at all times relevant hereto, manufactured, tested, designed, marketed,

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

promoted, distributed, sold and/or prescribed Baycol for use and consumption by consumers, including plaintiffs. At the time Defendants manufactured, promoted, tested, designed, packaged, promoted, marketed, distributed, sold and/or prescribed Baycol for use by plaintiffs, the Baycol was defective and unreasonably dangerous to plaintiffs and other users or consumers because, among other things, the Baycol was likely to cause harm to users when consumed for its intended use and failed to adequately warn of the potential side effects.

53. The Baycol consumed by plaintiffs was not materially altered from the time of its manufacture and distribution up until the time of consumption.

54. The Baycol consumed by plaintiffs, at the time of its manufacture, distribution, and sale and at all times material hereto, was defective and unreasonably dangerous to plaintiffs for at least the following reasons:

a. Defendants manufactured, tested, designed, packaged, distributed, marketed, promoted, sold, and/or prescribed Baycol that was known by defendants to cause rhabdomyolysis and other adverse medical conditions in individuals like plaintiffs;

b. Defendants' Baycol was not sold with an appropriate warning regarding the serious risk of injury, including, but not limited to, rhabdomyolysis, kidney failure, and death, posed by the ingestion of Baycol even though defendants were aware of the risk and harmful effects of taking Baycol;

c. The Baycol manufactured, tested, designed, marketed, promoted, distributed, sold and/or prescribed by Defendants was not safe as manufactured, designed, marketed, distributed, sold and prescribed;

d. Defendants failed to adequately test the safety of Baycol which would have shown that Baycol posed and poses substantial risk of serious injury and/or illness including, but not limited to, kidney failure, rhabdomyolysis, and other adverse medical conditions;

e. Defendants knew or should have known that permanent damage, including harmful and permanent effects to the urinary system (including death), could result from the intended use of Baycol, but defendants sold Baycol anyway; and

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

f. Defendants knew or should have known that is was unreasonable to place Baycol in commerce and into the hands of consumers.

55. The Baycol manufactured, tested, designed, packaged, marketed, promoted, distributed, sold and/or prescribed by Defendants was never reasonably fit for the purposes for which it was sold, and the risk and dangers associated with its use outweigh the utility Baycol provided.

56. As a direct and proximate result of Defendants' unlawful and illegal conduct, plaintiffs have been, and continue to be, damaged.

## V.

## NEGLIGENCE, GROSS NEGLIGENCE, AND WANTONNESS

Plaintiffs adopt by reference the allegations contained and set forth above.

57. Defendants were under a duty to plaintiffs to test, manufacture, package, design, promote, distribute, market, sell and/or prescribe Baycol for use by one or more of the named plaintiffs herein in a non-negligent and skillful manner. In addition, Defendants were under a duty to properly warn plaintiffs of the risks associated with the use of Baycol.

58. Defendants breached these duties and, in fact, negligently, wantonly and with gross negligence manufactured, tested, packaged, designed, promoted, distributed, marketed, sold and/or prescribed Baycol for use by one or more of the named plaintiffs herein. In addition, Defendants negligently, wantonly and with gross negligence failed to adequately warn plaintiffs and other consumers of the risks associated with the use of Baycol.

59. As a direct and proximate result of Defendants' unlawful and illegal conduct, plaintiffs have been, and will continue to be, damaged.

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

VI.

BREACH OF IMPLIED WARRANTY

Plaintiffs adopt by reference the allegations contained and set forth above.

60. At the time Defendants manufactured, designed, tested, packaged, promoted, marketed, distributed, sold and/or prescribed Baycol for use by the named plaintiffs herein, Defendants knew of the particular purpose and use for which the Baycol was intended and warranted the Baycol to be of merchantable quality and safe for such intended use.

61. Plaintiffs reasonably relied upon the Defendants and their judgment in using the aforesaid drug.

62. Defendants breached the aforementioned warranties because the Baycol drug supplied by Defendants was neither safe for its intended use nor of merchantable quality in that the drug had dangerous side effects.

63. As a direct and proximate result of Defendants' breach of the aforementioned warranties, plaintiffs have been, and will continue to be, damaged.

VII.

BREACH OF EXPRESS WARRANTY

Plaintiffs adopt by reference the allegations contained and set forth above.

64. Defendants expressly warranted that the Baycol which they manufactured, tested, designed, packaged, promoted, marketed, distributed, sold and/or prescribed was safe and free from defects.

65. The Baycol that was manufactured, tested, designed, packaged, promoted, marketed, distributed, sold and/or prescribed by Defendants failed to conform to these express representations because the Baycol was not safe and ingestion of the Baycol exposed plaintiffs to a high level of

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

life-threatening side effects, including, but not limited to, kidney failure and rhabdomyolysis.

66. As a direct and proximate result of Defendants' breach of said warranties, plaintiffs have been, and will continue to be, damaged.

## VIII.

## MISREPRESENTATION/SUPPRESSION

Plaintiffs adopt by reference the allegations contained and set forth above.

67. Defendants intentionally, willfully, wantonly, maliciously, recklessly, and/or negligently misrepresented to plaintiffs that the Baycol which they had manufactured, designed, tested, promoted, marketed, sold, and/or prescribed was safe, effective, and not defective or unreasonably dangerous. In addition, Defendants actively concealed and suppressed information from plaintiffs regarding the potential risks associated with the use of Baycol and the adverse health effects that are caused when Baycol is ingested. More specifically, Defendants consciously ignored, understated, or simply withheld information regarding the health risks associated with Baycol, including, but not limited to, the use of testimonials and the manipulation of statistics to suggest acceptability in the medical and lay community while serious side effects and risks were not identified or publicized in said advertisements. In addition, Defendants failed to advise or warn the public, doctors, hospitals, or clinics that there were special risks associated with Baycol.

68. In reliance on Defendants' misrepresentations and suppressions, plaintiffs purchased and consumed Baycol and were damaged as a proximate result thereof.

## IX.

## CONSPIRACY

Plaintiffs adopt by reference the allegations contained and set forth above.

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

69. Defendants conspired together to defraud and deceive plaintiffs and other citizens of the State of Mississippi for the purpose of inducing the purchase and consumption of the drug Baycol.

70. More specifically, despite knowing that their drug Baycol was defective and unreasonably dangerous, Defendants, acting individually and in concert, engaged in a fraudulent advertising, marketing, promotion and distribution scheme for Baycol for the sole purpose of furthering their financial gain and causing injury to plaintiffs. At the time each of the false representations was made by Defendants as stated herein, they were known to be false by Defendants, and were made for the sole purpose of deceiving and defrauding plaintiffs.

71. In reliance on the misrepresentations and suppressions made by Defendants in connection with this scheme, plaintiffs and others purchased and consumed Baycol that was manufactured, tested, designed, packaged, promoted, marketed, sold and/or prescribed by Defendants.

72. As a direct and proximate result of Defendants' fraudulent scheme, plaintiffs have been, and will continue to be, damaged.

## X.

## NEGLIGENCE OF THE DOCTOR DEFENDANTS

Plaintiffs adopt by reference the allegations contained and set forth above.

73. At all times relevant hereto, Defendants Thompson, Heath, Brimah, Crosswaith, Headley, Mazur, Sangani and Hernandez (collective known as the "Doctor Defendants") had non-delegable duty to treat their patients, specifically listed in paragraphs 30 to 37 herein, with such reasonable medical skill, competence, judgment, and prudence as are practiced by reasonably prudent and minimally medical doctors throughout the country, who have available to them the same general facilities, services, equipment and options.

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

74. Said duties were breached when the Doctor Defendants, their agents and/or employees breached the applicable standard of care. Said breach includes, but is not limited to, the failure of said doctors to advise the respective patients of more efficacious drugs or treatment procedures for the symptoms or conditions then existing, advise the patients of the relevant risks of same and disclose risks to the patient which were available to the doctor through public sources.

## XI

## PUNITIVE DAMAGES

The unlawful acts and omissions of all defendants as described herein were intentional and made with a gross, willful and wanton disregard for the rights and safety of plaintiffs and others. Defendants' conduct is reprehensible in the extreme and constitutes a pattern and practice of negligent, grossly negligent, malicious, willful and wanton conduct, undertaken with conscious disregard for the rights of plaintiffs and others similarly situated for the sake of Defendants' financial benefit. As such, plaintiffs are entitled to recover punitive damages of and from Defendants as may be determined by a jury in this cause. For these reasons, Plaintiff requests a trial by jury and judgment against all defendants, individually, jointly and/or severally, for compensatory and punitive damages to be proven at trial.

**DATED:** This the 30th day of December, 2002.

Respectfully submitted,

**STEVENS & WARD, P.A.**

**BY:** ______________________

**LANCE L. STEVENS (MSB #7877)**
**STEVENS & WARD, P.A.**
**1855 Lakeland Drive**
**Suite P-121**
**Jackson, Mississippi 39216**
**Telephone: (601) 366-7777**
**Facsimile: (601) 366-7781**
**Email: lstevens@stevensandward.com**

FILED This the 31st day of Dec. 2002 EARLINE ... HART, Circuit Clerk

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GLADYS BASS; CLIFTON BEASLEY; ANN BOZEMAN; BRAD BRADSHAW; EMMA BROWN; RUTHIE CANNON; REALMA COLE; SUE DAVIS; EARLENE DEAN; ROBERT GRAFFREE; JOHN HARDY; WENDY HOPKINS; NANCY JONES, DECEASED, BY HER NEXT FRIEND, NANCY THOMAS; ALICE RAY JORDAN; LINDA KEENUM; ROSIE MAE KELLY; LUCY MARTIN; WARREN MIGUES; NORA MIGUES; FANNIE LOUISE NASH; WILMA PAGE; JO D. RAULSTON; WILLIAM VANCE; HILDA WILKS AND GLENN YOUNG;

PLAINTIFFS,

v. CIVIL ACTION NO.: 3:03cv00142BN

BAYER CORPORATION; BAYER PHARMACEUTICAL DIVISION; SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE f/k/a GLAXO WELLCOME, INC.; SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.; ALLEN THOMPSON, M.D.; ROBERT HEATH, M.D.; HAZMA BRIMAH, M.D.; JAMES CROSSWAITH, M.D.; DEBBIE HEADLEY, M.D.; RICHARD MAZUR, M.D.; BHARAT SANGANI, M.D.; CHARLES HERNANDEZ, M.D.; JON DELEON; RICHARD CENTANNI; AND JOHN DOES # 1-50;

DEFENDANTS.

SUMMONS

THE STATE OF MISSISSIPPI

TO: Bharat Sangani, M.D.
Coast Cardiology Center
1104 Broad Avenue
Gulfport, MS 39501

NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are hereby summoned and required to mail or hand-deliver a copy of your written response to the Complaint to the attorney for the plaintiffs, Richard A. Freese, LANGSTON SWEET AND FREESE, P.A., The Morgan Keegan Center, Suite 240, 2900 Highway 280, Birmingham, Alabama, 35223. Your response must be mailed or delivered within *twenty* (20) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of the Court, this the 18 day of April, 2003.

(Seal)

UNITED STATES DISTRICT COURT CLERK
SOUTHERN DISTRICT
JACKSON DIVISION

J. T. NOBLIN

BY: [signature]

EXHIBIT B

COPY

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

# PROOF OF SERVICE

I, Cindy O'Steen, on the date and at the time of this service, am at least 18 years of age and am not a party to this action. I served the Summons and Complaint upon defendant Bharat Sangani, M.D. in the manner set forth below and did not receive a fee for service.

___ **PERSONAL SERVICE**

I personally delivered copies of the Summons and Complaint to ______________________ on the ___ day of __________, 2003, in __________ County, Mississippi.

X **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE (CERTIFIED MAIL)**

By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender. (See Certified Mail Green Card).

___ **RESIDENCE SERVICE**

After exercising reasonable diligence, I was unable to deliver copies of the Summons and Complaint to the above stated person within ______________ County, Mississippi; therefore, I served the Summons and Complaint on the _____ day of ______________, 2003, at the usual place of abode of said person by leaving true and correct copies of the Summons and Complaint with ________________, who is the ________________ of the person being served, is above the age of sixteen years and is willing to received same. Thereafter, on the _____ day of ________________, 2003, I mailed (by certified mail, return receipt requested, postage prepaid), copies of same to the person being served at his/her usual place of abode where the copies were left.

___ **CERTIFIED MAIL SERVICE**

By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

Cindy H. O'Steen
PROCESS SERVER

EXHIBIT C

Bass/ B. Sangani/ Sums.

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**GLADYS BASS; CLIFTON BEASLEY; ANN BOZEMAN; BRAD BRADSHAW; EMMA BROWN; RUTHIE CANNON; REALMA COLE; SUE DAVIS; EARLENE DEAN; ROBERT GRAFFREE; JOHN HARDY; WENDY HOPKINS; NANCY JONES, DECEASED, BY HER NEXT FRIEND, NANCY THOMAS; ALICE RAY JORDAN; LINDA KEENUM; ROSIE MAE KELLY; LUCY MARTIN; WARREN MIGUES; NORA MIGUES; FANNIE LOUISE NASH; WILMA PAGE; JO D. RAULSTON; WILLIAM VANCE; HILDA WILKS AND GLENN YOUNG;**

**PLAINTIFFS,**

**v.** **CIVIL ACTION NO.: 3:03cv00142BN**

**BAYER CORPORATION; BAYER PHARMACEUTICAL DIVISION; SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE f/k/a GLAXO WELLCOME, INC.; SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.; ALLEN THOMPSON, M.D.; ROBERT HEATH, M.D.; HAZMA BRIMAH, M.D.; JAMES CROSSWAITH, M.D.; DEBBIE HEADLEY, M.D.; RICHARD MAZUR, M.D.; BHARAT SANGANI, M.D.; CHARLES HERNANDEZ, M.D.; JON DELEON; RICHARD CENTANNI; AND JOHN DOES #1-50;**

**DEFENDANTS.**

# NOTICE

**TO: Bharat Sangani, M.D.**
**Coast Cardiology Center**
**1104 Broad Avenue**
**Gulfport, MS 39501**

The enclosed Summons and Complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgement on the following page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

*If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the Complaint within 30 days of the date of your signature.* If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

I declare that this Notice and Acknowledgement of Receipt of Summons and Complaint was mailed on 4/22/03.

Candy H. O'Steen
Process Server

Bass/ B. Sangani/ Sums.

E-SERVED
07/13/04
02:27 PM ET
Baycol MDL 1431

**THIS ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT MUST BE COMPLETED**

I acknowledge that I received a copy of the Summons and of the Complaint in the above-captioned matter in the State of Mississippi.

______________________________
Signature

______________________________
(Relationship to Entity/Authority to Receive Service of Process)

______________________________
Date of Signature

State of Mississippi)
County of __________________)

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named individual, who solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgement of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me this ________ day of ______________________, 2003.

______________________________
Notary Public
My Commission Expires _______

(Seal)

E-SERVED
07/13/04
02:27 PM ET
Baycol MDL 1431

So. we have 30 days from to answer. (Rule says 60

615

**THIS ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT MUST BE COMPLETED**

I acknowledge that I received a copy of the Summons and of the Complaint in the above-captioned matter in the State of Mississippi.

Bharat Sangani
Signature

______________________
(Relationship to Entity/Authority to Receive Service of Process)

May 5, 2003
Date of Signature

State of Mississippi)
County of Harrison )

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named individual, who solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgement of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me this 5th day of May, 2003.

[signature]
Notary Public
My Commission Expires ________

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 2, 2004
BONDED THRU STEGALL NOTARY SERVICE

(Seal)

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

# COAST CARDIOLOGY CENTER
# OFFICE VISIT

**PATIENT NAME:** Nora Migues **DATE:** December 9, 2002.
**PATIENT NO.** : 18017

This is a 58-year-old Caucasian female, who is here for a two-month follow up visit. On her last visit she was complaining of dizziness. We had ordered a tilt test and we put her on Proamatine and Lescol. She is here also complaining of nausea and weakness. She has no joint aches or muscle aches. She is having lower extremity leg pain, which seems to have started since she stated the Lescol. She reports that the nausea and weakness does not occur at any certain time. The leg pain is continuous.

**MEDICATIONS:** Lescol XL 80 mg a day, Proamatine 5 mg tid, Reglan prn Vitamin B 12 daily, Detrol 2 daily, KCL 20 meqs daily, Lasix 40 mg daily as needed, Nexium 40 mg a day, Estratest daily.

**Review of Systems:**
**Cardio:** No Orthopnea, no chest pain / tightness, no jaw pain, no DOE, no edema, no palpitations, no claudication.
**Constitutional:** No Wt. loss/gain, no fever / chills, no fatigue.
**Eyes:** No Vision Changes, no glasses / contacts, no T. blindness, no A.Fugax, no xanthalomas
**ENT:** No Ulcers, no congestion, no tinnitus, no headache.
**Resp:** No wheezing, no hemoptysis, no SOB, no cough.
**GI:** No diarrhea, She does have nausea, no vomiting, no bloody stool, no constipation, no pain, no indigestion
**Musculoskeletal:** She does have lower extremity leg pain.
**Skin/Breast:** No masses, no rash, no tattoos.
**Neuro:** No syncope, no dizziness, no seizures, no numbness, no TIA/CVA, no near syncope, no leg burning. She has weakness.

**History:** Medical: She has a permanent pacemaker and she has it scheduled for an interrogation in a couple of weeks. She has a history of high cholesterol. She has.hiatal hernia and esophagitis.

**PHYSICAL EXAM:**
GENERAL CONDITION: The patient is in no acute distress.
VITAL SIGNS: Height: 5'5" Blood Pressure: 156/80 Pulse: 68.
SKIN: The color of the skin is normal.
HEENT: The eyeballs follow on command. Ears, nose and throat are clear. Neck supple. No xanthelasma, JVD, thyroid megaly.
CHEST: Moves well with deep inspiration.
HEART: The carotid pulses are well felt. The carotid upstroke is normal. There are no carotid bruits. The central venous pressure is normal. The apical impulse is in the 5th left intercostals space 1 cm inside the mid-clavicular line. There is no visible pulsation. No diastolic click or palpable thrill. The first and second heart sounds are well heard and irregular. There is no gallop.
ABDOMEN: The abdomen is soft and non-tender. Liver and spleen could not be felt. Hernia sites were normal. There is no abdominal rigidity. No masses or bruits. Negative Murphy's, no rebound tenderness
BONES, JOINTS AND MUSCLES: There is no deformity, swelling, redness, tenderness or limitation of motion.
EXTREMITIES: The color of the extremities is normal. There is no tremor, clubbing, ulcers or varicosities. No edema.
NEUROLOGICAL: Oriented person place time, no memory loss, no depression, no anxiety.

**Diagnostics: Cardiac catheterization:** Was in 1999 which showed no significant coronary artery disease.

**IMPRESSION:**
1. Abnormal tilt test.
2. Hypercholesterolemia.
3. Cholecystectomy.

**DISCUSSION:**
Overall she seems to be doing well. We will hold the Lescol for two weeks due to the leg discomfort. Due to the nausea we will order an abdominal ultrasound, amylase and lipase. We will check a CMP in two weeks. In reviewing her lab work, which was done on Dec 5th, is was pretty much normal. The cholesterol was much improved with the Bilirubin elevated at 2.2. We will also decrease the Proamatine to bid for a month and then everyday. We will follow up with her as needed or in six-months.

Darlene P. Odom, A.A.C.N.P.
DPO/BHS/PT

Bharat H. Sangani, M.D., F.A.C.C.
dd: 12/9/2002 dt: 12/12/2002

EXHIBIT
D

E-SERVED 07/13/04 02:27 PM ET Baycol MDL 1431

# COAST CARDIOLOGY CENTER
# OFFICE VISIT

**PATIENT NAME:** Nora Migues **DATE:** February 14, 2001.
**PATIENT NO. :** 18017

This is a 57-year-old with a history of hypertension, high cholesterol and obesity. Overall she seems to be doing well. Her renal survey was negative, chest x-ray normal, CBC normal, electrolytes normal, cholesterol at 209, LDL 131. She reports that she mainly has pain behind her knees, which does not get worse with walking. She has a history of normal cardiac catheterization. Her last echocardiogram showed mitral regurg at 1+, normal EF.

**MEDICATIONS:**
KCL 20 meqs 1po prn; Lasix 40 mg 1 po prn; Reglan 1 po daily; Prevacid 40 mg a day.

**PHYSICAL EXAM:**
Blood Pressure: 112/70 Pulse: Weight: 212 lbs
CHEST: Respiration regular and even.
NECK: Supple. No JVD or bruit.
LUNGS: Clear anterior and posterior.
HEART: Regular rate and rhythm. No murmur, rub or gallop.
ABDOMEN: Soft, nontender; positive bowel sounds.
EXTREMITIES: No edema.

**IMPRESSION:**
1. Hypertension
2. Hypercholesterolemia
3. Obesity

**DISCUSSION:**
We will go ahead and proceed with an arterial survey. Due to the leg pain, we will get her started in rehab phase 3 and she is to call us if she has any increased pain, any chest pain, shortness of breath, weakness, fatigue, otherwise we will see her in six-months.

Darlene P. Odom, A.A.C.N.P.
DPO/BHS/PT

Bharat H. Sangani, M.D., F.A.C.C.
dd:2/14/2001. dt:2/15/2001.