E-SERVED
07/29/04
04:21 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION MDL No. 1431 (MJD/JGL)

This Document Relates to:
GLADYS BASS, ET AL.,

PLAINTIFFS,

V. CIVIL ACTION NO.: 03-4976-MJD

BAYER CORPORATION;
BAYER PHARMACEUTICAL DIVISION;
SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE
f/k/a GLAXO WELLCOME, INC.;
SMITHKLINE BEECHAM CONSUMER
HEALTHCARE, L.P.;
ALLEN THOMPSON, M.D.;
HAZMA BRIMAH, M.D.;
JAMES CROSSWAITH, M.D.;
DEBBIE HEADLEY, M.D.;
RICHARD MAZUR, M.D.;
BHARAT SANGANI, M.D.;
JON DELEON;
RICHARD CENTANNI;
AND JOHN DOES #1-50;

DEFENDANTS.

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR TO DISMISS OF BHARAT SANGANI, M.D.

**COMES NOW** Plaintiff, Nora Migues ("Plaintiff"), and submits the following Opposition to Motion for Summary Judgment or to Dismiss (the "Motion") of Defendant, Bharat Sangani, M.D. ("Defendant" or "Dr. Sangani"), and Plaintiff would respectfully request that the Court deny the Motion for the following reasons:

E-SERVED
07/29/04
04:21 PM ET
Baycol MDL 1431

## I.

## INTRODUCTION

1. This action was commenced in the Circuit Court of Holmes County, Mississippi, alleging that Plaintiffs were damaged as a result of use of the prescription drug Baycol®, which was manufactured, marketed, distributed, prescribed, misrepresented and sold by Defendants in this case.

2. Mississippi law clearly recognizes a cause of action against physicians and healthcare facilities for medical malpractice and negligence. *Robinson v. Hawkins*, 542 So.2d 1048, 1051 (Miss. 1989).

3. Defendant asserts that inconsistent allegations require dismissal or summary judgment. Courts throughout the nation acknowledge that tort law – particularly in the field of product liability – has reached a point where in many cases multiple theories of liability are advanced. *Garman v. Griffin, 666 F.2d 1156* (8th Cir. 1981). Often, these theories involve inconsistent and contradictory allegations in the pleadings. *Id.* It is well-settled that a plaintiff may plead alternative and inconsistent claims against multiple defendants. Indeed, "a party may state as many separate claims or defenses as the party has regardless of consistency." FED. R. CIV. PRO. 8. *Slegelmilch v. Melancon*, Opinion and Order, Cause No. 3:01-CV-509BN, p.9 (Nov. 14, 2002) (ordering remand where plaintiff asserted alternative theories of medical malpractice and negligence (attached hereto). *Western Machinery Co. v. Consolidated Uranium Mines, Inc.*, 247 F.2d 685 (10th Cir. 1957). Plaintiff's assertion of alternative theories does not bar Plaintiff's claims in the case at bar.

4. That alternative, and even contradictory, allegation does not preclude a claim is evidenced by the very text of Rule 8, which states:

> A party may set forth two or more statements of a claim of defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of

E-SERVED 07/29/04 04:21 PM ET Baycol MDL 1431

> one or more of the alternative statements A party may also state as many separate claims or defenses as he has regardless of inconsistency, and whether based on legal, equitable, or maritime grounds.

FED. R. CIV. PRO. 8 (emphasis added); *see also Odom v. Odom*, 232 Ark. 229, 335 S.W.2d 301, 302 (Ark. May 16, 1960) Moreover, courts have particularly noted that a pleader should not have to forego a potential claim *at the outset of his or her lawsuit* rather than run the risk of having such a claim used as an admission. *Garman v. Griffin*, 666 F.2d 1156 (8th Cir. 1981).

5. Other courts considering the significance of inconsistent alternative pleadings in the context of similar prescription drug claims have rejected Defendant's argument. That is, courts have rejected the argument that a doctor cannot be liable for failing to warn about a drug product where it is alleged that the drug manufacturer represented the product to be safe. *E.g., Barragan v. Warner-Lambert Co.*, 2002 WL 1973495, *4 (W.D. Tex. 2002) (holding that inconsistent allegations do not preclude a finding of liability); *Dixon v. Warner-Lambert Co.*, 2001 WL 515226 *2 (E.D. La. 2001) (holding that "[t]here is no requirement that plaintiff's allegation is be consistent" and order the case remanded due to lack of diversity jurisdiction). The reasoning behind FED. R. CIV. PRO. 8 has also been effectuated in cases where the knowledge of a party is at issue. *E.G., Molsbergen v. U.S.*, 757 F.2d 1016 (9th Cir. 1985) (permitting alternative and inconsistent pleadings that (1) government deliberately exposed serviceman to known risk and (2) that government did not learn of risk until after serviceman's discharge but failed to warn of prospective harm). The same result is required in this case.

6. Furthermore, Plaintiff in this case (unlike the cases cited by Defendant) alleges facts that would form a basis for the Defendant's awareness of Baycol's dangers. That is, Plaintiff alleges facts including the *reported* deaths of thirty-one (31) United States citizens using Baycol, thirty-two cases of serious injury associated with Baycol use in Canada, and 480 *reports* by the European Medicines Evaluation Agency of rhabdomyolysis from patients taking Baycol. [See Complaint]. A

E-SERVED
07/29/04
04:21 PM ET
Baycol MDL 1431

prudent medical practitioner, in following the standard of care for keeping abreast of developments in his field, may have determined from such information that Baycol was an unreasonably dangerous product. When read as a whole, the Complaint does not foreclose the existence of a cognizable claim against the physicians. *Collins. v. American Home Products Corp.*, 2001 WL 24073167, *7 (S.D. Miss. June 21, 2001) (rejecting defendants' argument that the physicians and pharmacies could not be liable because the plaintiffs also alleged that the manufacturer defendants hid the dangers of Thimerosal).

7. Here, important information regarding Baycol use was not provided to Plaintiff or taken into account in Plaintiff's care. A jury may find that such information was never truthfully conveyed to the Defendant by the manufacturer defendants. Alternatively, a jury may find that the information was adequately conveyed to the Defendant who did not act properly in light of such knowledge. Or it is possible that a jury would find both that the manufacturer defendants wrongfully misrepresented the defective characteristics of their product – and that Defendant failed to live up to the standard of care required of a doctor when prescribing Baycol to Plaintiff. The fact that Plaintiff has plead both theories at the outset of this litigation does not establish a failure to state a claim under either theory.

8. Moreover, the self-serving statements and records of the Defendant are inadmissible and do not prove as a matter of law that no injury exists. Defendant has not offered any admissible, qualified expert opinion on the issue of injury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Motion be denied in all respects.

**DATED:** This the 29th day of July, 2004.

E-SERVED
07/29/04
04:21 PM ET
Baycol MDL 1431

Respectfully submitted,

Original signature on file with filing attorney
Richard A. Freese (MSB #: 99885)
One of the Attorneys for Plaintiffs

**OF COUNSEL:**

**SWEET & FREESE, PLLC**
The Morgan Keegan Center
2900 Highway 280, Suite 240
Birmingham, AL 35223
(205) 871-4144
(205) 871-4104 (Fax)

Lance L. Stevens, Esquire (MSB #7877)
**STEVENS & WARD**
1855 Lakeland Dr., Suite P-121
Jackson, MS 39216
(601) 366-7777
(601) 366-7781 (fax)

Stephanie Daughdrill, Esq. (MSB #: 8678)
**CAPSHAW, GOSS & BOWERS, L.L.P.**
3031 Allen Street, Suite 200
Dallas, TX 75204
214-761-6610
214-761-6611 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a true and correct copy of the foregoing on:

**Representing Defendants Bayer Corporation and Bayer Pharmaceutical Division:**

C. Alleen McLain, Esquire (MSB #: 10180)
William F. Goodman, III, Esquire (MSB #: 4896)
Rebecca L. Wiggs, Esquire (MSB #: 7191)
**WATKINS & EAGER**
The Emporium Building, Suite 300
400 East Capitol Street
Jackson, MS 39201
601-948-6470
601-354-3623 (fax)

E-SERVED
07/29/04
04:21 PM ET
Baycol MDL 1431

Robert L. Johnson, III, Esquire
**ATTORNEY AT LAW**
155 Avian Lane
Jackson, MS 39204
Telephone: (601) 442-9371
Facsimile: (601) 442-9372

**Representing Defendants: SmithKline Beecham Corporation, d/b/a GlaxoSmithKline f/k/a Glaxo Wellcome, Inc.; Jon DeLeon; and Richard Centanni:**

Joshua J. Wiener, Esquire
**BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC**
P.O. Box 22567
Jackson, MS 39225
601-948-5711
601-985-4500 (fax)

**Representing Defendants Allen Thompson, M.D. and James Crosswaith, M.D.:**

Stuart B. Harmon, Esquire
Jaqueline G. Harper, Esquire
**PAGE, KRUGER & HOLLAND, P.A.**
P.O. Box 1163
Jackson, Mississippi 39215
601-420-0333
601-420-0033 (fax)

**Representing Defendant Bharat Sangani, M.D.:**

J. Robert Ramsay, Esquire (MSB #: 4617)
Stephen P. Wilson, Esquire (MSB #: 101219)
**RAMSAY & HAMMOND, P.L.L.C.**
P. O. Box 16567
Hattiesburg, MS 39404
Telephone: (601) 264-4499
Facsimile: (601) 264-5588

Amanda Clearman Waddell, Esquire
**BRYANT, CLARK, DUKES, BLAKESLEE, RAMSAY & HAMMOND**
P.O. Box 16567
Hattiesburg, MS 39404
601-264-4499
601-264-5588 (fax)

David W. Waddell, Esquire
**SEYFARTH SHAW**
700 Louisiana Street, Suite 3850
Houston, TX 77002
713-255-2300

E-SERVED
07/29/04
04:21 PM ET
Baycol MDL 1431

by placing a copy of the same in the United States Mail, first-class postage prepaid and addressed to them at the addresses listed above, on this 29th day of July, 2004.

I also hereby certify that I have on this date served a true and correct copy of the foregoing on:

**Plaintiffs' Liaison Counsel:**

Deanna Dailey, Esquire
Kristine M. Weikel, Esquire
**LARSON ● KING, LLP**
2800 Minnesota World Trade Center
30 East 7th Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618 (fax)

**Defendants' Liaison Counsel:**

Fred T. Magaziner, Esquire
**DECHERT**
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
215-994-4000
215-655-2587 (fax)

Susan A. Weber, Esquire
**SIDLEY AUSTIN BROWN & WOOD**
Bank One Plaza
10 S. Dearborn
Chicago, IL 60603
312-853-7000
312-853-7036 (fax)

by electronically filing this document via Verilaw Technologies.

Original signature on file with filing attorney
OF COUNSEL